IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>*and*<br><br>CENTERS FOR DISEASE CONTROL<br>AND PREVENTION,<br>1600 Clifton Road<br>Atlanta, GA 30329<br><br>*Defendants*. | Case No.: 19-cv-2214 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Health and Human Services and the Centers for Disease Control and Prevention under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold agency records and ordering production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of the records that American Oversight seeks.

7. Defendant the Centers for Disease Control and Prevention (CDC) is a component of HHS and headquartered in Atlanta, Georgia. CDC has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

8. On February 27, 2019, American Oversight submitted a FOIA request to CDC seeking all calendars or calendar entries for CDC Director Robert Redfield, including any

calendars maintained on his behalf, from the date he joined the CDC through the date the search is conducted.

9. American Oversight requested that the calendars be produced in a format that includes all invitees, any notes, and all attachments.

10. American Oversight explained in its request that CDC should not limit its search to Outlook calendars, but rather, American Oversight requested the production of any document—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how Director Redfield allocates his time on agency business.

11. By letter dated February 28, 2019, CDC acknowledged the request and assigned it tracking number 19-00493-FOIA. In that letter, CDC informed American Oversight that it considered the request "overly broad" and asked for "clarification of the subject matter of the records" sought.

12. American Oversight responded by email dated March 8, 2019, providing clarification of its request in an attempt to address CDC's concerns, and also explaining that its request was a proper, reasonably described FOIA request, meeting HHS regulations.

13. On March 13, 2019, CDC replied that despite American Oversight's clarification, the "request remain[ed] overly broad," and requested that American Oversight provide "additional information such as: a narrow date range; and/or a specific calendar entry subject; and/or a specific person (by name) who is the object of a calendar item."

14. American Oversight responded by email, reiterating its position that the request met the relevant legal standards for a proper, reasonably described FOIA request, and indicating that it intended to appeal CDC's adverse determination.

15. On March 18, 2019, pursuant to HHS regulations, American Oversight submitted an administrative appeal to the HHS review official identified in CDC's correspondence,

challenging CDC's adverse determination that the FOIA request was "overly broad." A true and correct copy of American Oversight's appeal, which includes copies of the FOIA request and the correspondence referenced above, is attached hereto as Exhibit 1 and incorporated herein.

16. HHS acknowledged receipt of American Oversight's appeal on March 21, 2019, assigning it FOIA appeal number 19-0052-AA.

17. American Oversight has received no further correspondence from HHS or CDC in connection with its FOIA request or FOIA appeal.

*Exhaustion of Administrative Remedies*

18. As of the date of this complaint, Defendants have failed to notify American Oversight of any determination regarding its administrative appeal.

19. Through Defendants' failure to make a determination regarding American Oversight's appeal within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Search for Responsive Records

20. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. American Oversight properly requested records within the possession, custody, and control of Defendants.

22. American Oversight's FOIA request reasonably described the records requested therein.

23. Defendants are an agency and a component thereof subject to FOIA and must therefore make reasonable efforts to search for requested records.

24. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

25. Defendants' failure to conduct an adequate search for responsive records violates FOIA and agency regulations.

26. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

27. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

28. American Oversight properly requested records within the possession, custody, and control of Defendants.

29. American Oversight's FOIA request reasonably described the records requested therein.

30. Defendants are an agency and a component thereof subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

31. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

32. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

33. Defendants' failure to provide all non-exempt responsive records violates FOIA and agency regulations.

34. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemptions.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Declare that Plaintiff's FOIA request identified in this Complaint reasonably described the records sought as required by the FOIA;

(2) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request identified in this Complaint;

(3) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(5) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(e); and

(6) Grant American Oversight such other relief as the Court deems just and proper.


Dated: July 25, 2019                                Respectfully submitted,

                                                               */s/ Sara Kaiser Creighton*
                                                               Sara Kaiser Creighton

D.C. Bar No. 1002367

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org
*Counsel for Plaintiff*